ROBERT K. PHILLIPS, ESQ.
Nevada Bar No. 11441
BENJAMIN J. DOYLE
Nevada Bar No. 15210
**PHILLIPS, SPALLAS & ANGSTADT, LLC**
504 South Ninth Street
Las Vegas, Nevada 89101
(702) 938-1510
(702) 938-1511 (Fax)
rphillips@psalaw.net
bdoyle@psalaw.net

*Attorneys for Defendant*
*Walmart, Inc.*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| JOSEPH CRISTELLI, an individual, <br><br> Plaintiff, <br> v. <br><br> WALMART, INC., and DOES 1 through 10, inclusive; and ROE ENTITIES 1 through 10, inclusive; <br><br> Defendants. | Case No.: <br><br> [District Court, Clark County Case No.: A-20-814375-C, Dept. No.: XIV] <br><br> **DEFENDANT WALMART, INC.'S PETITION FOR REMOVAL OF CIVIL ACTION** <br><br> **[JURY DEMAND]** |

COMES NOW, Petitioner WALMART, INC. ("Walmart" or "Petitioner"), by and through its counsel of record, the law offices of PHILLIPS, SPALLAS & ANGSTADT, LLC, and hereby submits the following memorandum in support of its Petition for Removal of Jurisdiction to Federal Court:

I.

Petitioner is the sole named Defendant in the above-captioned action.

II.

The above-entitled action was commenced by Plaintiff JOSEPH CRISTELLI (hereinafter "Plaintiff") on April 29, 2020, in the Eighth Judicial District in and for Clark County, District of Nevada. This case is currently pending in that court. Plaintiff served his Summons on Walmart on May 1, 2020. True and correct copies of Plaintiff's operative Complaint and Summons are attached hereto as **Exhibits "A" and "B,"** respectively. After Defendant filed a timely Answer, this matter was assigned to Nevada's

statutory arbitration program. Plaintiff's Request for Exemption from Arbitration was granted on July 10, 2020.

Plaintiff served his Initial List of Witnesses and Documents on October 7, 2020. A true and correct copy of Plaintiff's Initial List of Witnesses and Documents (hereinafter "Initial Disclosure") is attached hereto as **Exhibit "C."** In his Initial Disclosure, Plaintiff, for the first time, confirmed that he intends to seek more than $75,000 in damages in this case, including past medical specials totaling $16,430.00 and stating:

> In addition to the "special damages," which could include past and future medical expenses, lost wages, household services, impairment of income, etc., as indicated above, or, which may be supplemented or added to in the future as discovery and evidence develops, there are also general damages. In Nevada, there are several categories of general damages, listed below. Plaintiff is entitled to the fact finder's separate consideration for each said category. The evidence, facts, discovery, and expert opinions, etc. supporting the calculation of damages for each category is still ongoing, and so the numbers listed below are 'soft' and subject to change up to and including closing argument at the time of the trial. The basis for calculation of general damages categories includes: the experience and observations of Plaintiff's counsel's office of other similar cases over the years; the tables from the U.S. government defining work life and life expectancies of Plaintiff; the general sense of Plaintiff's counsel of the awards given for general damages shown in publications such as the Trial Reporter; and the privileged thoughts, impressions and research of Plaintiff's counsel into factors in this case affecting potential value on the below items.

| PAST | FUTURE |
| --- | --- |
| Pain and suffering: $ 1,000,000.00 | Pain and suffering: $ 2,000,000.00 |
| Disability/impairment: $ 1,000,000.00 | Disability/impairment: $ 2,000,000.00 |
| Hedonic/loss of enjoyment: $ 1,000,000.00 | Hedonic/loss of enjoyment: $ 2,000,000.00 |

*See* Initial List of Witnesses and Documents at 8:18 – 9:10.

This Initial Disclosure constitutes the "first paper" received by Petitioner from which removability may clearly be ascertained in that the amount in controversy in this action exceeds $75,000.00 given Plaintiff's past medical expenses and estimate of general damages. As such, 28 U.S.C. §1446(b)'s $75,000 amount in controversy requirement is met and, as a year has not yet passed since

Plaintiff filed his Complaint on April 29, 2020, this Petition is timely.

III.

This Petition is filed pursuant to 28 U.S.C. §1446(b).

IV.

This is a civil action over which this Court has jurisdiction pursuant to 28 U.S.C. §1332(a) and is one which may be removed to this Court by Petitioner, pursuant to 28 U.S.C. §1441(a).

V.

Petitioner is informed, believes, and thereon alleges that Plaintiff is, and was at the time this action was commenced, a citizen of the State of Nevada.

VI.

Petitioner Walmart, Inc. is, and was at the time this action was commenced, a Delaware corporation with its principal places of business in the State of Arkansas. As such, Petitioner Walmart, Inc. is a citizen of the State of Delaware and a citizen of the State of Arkansas.

VII.

The above-entitled civil action is for personal and economic damages Plaintiff allegedly incurred after being struck by shopping carts in the parking lot of Walmart Store No. 5070, located at 5200 S Fort Apache Rd, Las Vegas, Nevada 89148 (Clark County).

VIII.

A copy of Petitioner's Petition for Removal of Civil Action, seeking removal of the above-entitled action to the United States District Court, District of Nevada, together with a copy of the Summons and Plaintiff's Complaint, have been deposited with the Deputy Clerk in the County Clerk's office for the Eighth Judicial District Court in and for Clark County, Nevada.

IX.

True and correct copies of all pleadings and papers served upon Petitioner in the above-entitled action are filed herewith.

X.

This Petition is filed with the Court within thirty (30) days after Plaintiff first confirmed in his Initial Disclosure that the amount in controversy exceeds $75,000. The Initial Disclosure constitutes the

"first paper" that put Petitioner on notice that Plaintiff's claimed damages clearly exceed the $75,000 federal diversity jurisdiction threshold. Therefore, Plaintiff's anticipated damages meet 28 U.S.C. §1332(b)'s amount in controversy requirement. *See* 28 U.S.C. §1332(a) (2015); *see also Crum v. Circus Circus Enters.*, 231 F.3d 1129, 1131 (9th Cir. 2000) (reversing dismissal for lack of jurisdiction, relying, in part, on estimated future medical expenses to determine that the amount in controversy exceeded the jurisdictional amount); *see also Luckett v. Delta Airlines, Inc.*, 171 F. 3d 295, 298 (5th Cir. 1999) (holding that it was facially apparent from plaintiff's Complaint that claims exceeded $75,000.00 where plaintiff alleged property damage, travel expenses, an emergency ambulance trip, a six-day hospital stay, pain and suffering, humiliation and a temporary inability to do housework); *see also White v. FCI USA, Inc.*, 319 F.3d 672, 674 (5th Cir. 2003) (holding that it was facially apparent that plaintiff's wrongful termination exceeded $75,000.00 based on the lengthy list of compensatory and punitive damages combined with a claim for attorney fees in his Complaint). As such, it is wholly reasonable that Plaintiff's cumulative claims for damages and the diversity of the parties meet the requisite requirements set forth by 28 U.S.C. §1441(b) and 28 U.S.C. §1332.

### PRAYER

WHEREFORE, Petitioner prays that the above-entitled action be removed from the Eighth Judicial District Court in and for Clark County, Nevada, to this Court.

DATED this 20th day of October, 2020.

**PHILLIPS, SPALLAS & ANGSTADT, LLC**

*/s/ Benjamin J. Doyle*

ROBERT K. PHILLIPS, ESQ.
Nevada Bar No. 11441
BENJAMIN J. DOYLE
Nevada Bar No. 15210
504 South Ninth Street
Las Vegas, Nevada 89101

*Attorneys for Defendant
Walmart, Inc.*

# CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of October, 2020, I served a true and correct copy of the foregoing, **DEFENDANT WALMART, INC.'S PETITION FOR REMOVAL OF CIVIL ACTION [JURY DEMAND]**, as follows:

☐ By facsimile addressed to the following counsel of record, at the address listed below:

☐ By placing same to be deposited for mailing in the United States Mail, in a sealed envelope upon which first class postage was prepaid in Las Vegas, Nevada;

☐ By Hand Delivery (ROC); and/or

☒ By Electronic Filing/Service Notification to:

| ATTORNEY OF RECORD | TELEPHONE/FAX | PARTY |
|---|---|---|
| STEVEN M. BURRIS, ESQ.<br>Nevada Bar No.  000603<br>ANDREW J. THOMAS, ESQ<br>Nevada Bar No.  000017<br>LAW OFFICES OF STEVEN M. BURRIS<br>2810 W. Charleston Blvd., Suite F-58<br>Las Vegas, Nevada 89102<br>sb@steveburrislaw.com<br>at@steveburrislaw.com | 702-258-6238<br>702-258-8280 (Fax) | Plaintiff |

*/s/ Joshua J. Kephart*
An Employee of PHILLIPS, SPALLAS & ANGSTADT, LLC